## WATSON *vs.* BELL.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR PURCHASE MONEY OF LAND.]

1. *Vendor's lien ; what not sufficient to prevent enforcement of.*—A purchaser of land can not resist the enforcement of his vendor's lien, on the ground of his bond for titles not being stamped, and the inchoate right of dower of the vendor's wife, where the vendor offers to convey a perfect title, which the court requires to be done, before the sale shall take place.

APPEAL from Chancery Court of Barbour and Henry. Heard before Hon. B. B. McCRAW.

The facts are sufficiently stated in the opinion.

F. M. WOOD, for appellant.—The bond to make titles on the payment of the purchase-money, executed by the appellee, was not stamped at the time of its execution, and has never been stamped ; it was error in the court to have given complainant any relief founded upon a contract, in refusing to stamp which he had violated the law.  The

defendant in the court below could not be at fault in refusing to pay for the land, when he held a bond for titles which was invalid for want of a stamp, and could not be enforced. Before complainant could have prosecuted his suit, and obtained a decree, it was necessary for him to have stamped the bond in due form.

D. M. SEALS, *contra.*—The failure of appellee to stamp the bond was no defense to appellee's bill to enforce his lien as vendor. Appellee did not have to use the bond as evidence in the case. Appellant still held the land; did not offer to surrender the possession, or rescind on account of the bond not being stamped; did not demand of appellee to stamp the bond. Appellee offered, in his answer to cross bill, to stamp the bond, and being willing and offering to execute good and sufficient title deeds, on payment of purchase-money, appellant was not injured, and could not be heard to complain.

Mrs. Bell, wife of appellee, was not shown to be a necessary party to the bill. The cross bill did not allege that she had any other than dower interest (as wife of appellee) in the land; and hence appellee had no right to bring her into court as a party. Appellant had her husband's bond to make title on payment of purchase-money, and he did not pay, or offer to pay the same. Appellee offered to execute title in accordance with his obligation, whenever the money should be paid.

The decree ought to be affirmed.

B. F. SAFFOLD, J.—The bill was filed by the appellee against the appellant to enforce his vendor's lien upon land. The appellant answered that the bond for titles which he received was not stamped as required by the revenue law, the vendor's wife had an inchoate right of dower, and the purchase-money was not due. The complainant replied, offering to stamp the bond, and to make good titles on the payment of the purchase-money, as stipulated in the bond. He farther stated that a verbal agreement made by him with the defendant, to extend the time for the payment of the first note, which alone was due, had

been broken by the defendant's non-compliance with some precedent conditions. The chancellor decreed a sale of the land, but required the complainant to file in court a perfect title for the defendant, before the register should proceed to make the sale. From this decree the defendant appeals.

Nothing is stated in the defendant's answer why the relief prayed for should not be granted, which he did not know, and consent to, when he made the contract. He retained possession of the land without alleging any want of responsibility of his vendor. One of the notes was due. The decree required a perfect title to be made to him before the sale should take place. This was all he could require.

The decree is affirmed.